UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14040-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN CHARLES WENDEHAKE,

Defendant.
_____/

FILED by _____ D.C.

NOV - 6 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS COUNT
OR IN THE ALTERNATIVE MOTION TO ELECT OR
<u>CONSOLIDATE COUNTS [D.E. #28]</u>

**THIS CAUSE** having come on to be heard upon the aforementioned motion and this Court having reviewed the motion as well as the government's response, recommends to the District Court as follows:

1. The Defendant is charged in a two count Indictment with receipt of child pornography in violation of Title 18, United States Code, Section 2252(a)(2) and possession of child pornography in violation of Title 18, United States Code, Section 2252(a)(4)(B). There is a forfeiture count in the Indictment which does not charge the Defendant with any criminal conduct.

2. The Defendant seeks to have the Court dismiss Count One as being multiplicitous or require the government to elect which count to proceed upon.

3. In its response, the government asserts that it is not attempting to charge the same conduct in both counts. The government's response states that it is prosecuting the

Defendant in Count One only in regards to those images which the government can prove were actually received by the Defendant through interstate commerce. The government then goes on to state that it is prosecuting the Defendant in Count Two with possession of the remaining images that the government cannot prove were received through interstate commerce.

4.      There are some ninety (90) images which the government asserts were seized from the Defendant's computer. Only a portion of these ninety images contain information such that it can be proven beyond a reasonable doubt that those images had been received in interstate commerce. It is this Court's understanding that the Defendant is not charged with receiving and possessing the same images.

5.      The government correctly points out that the crimes of receipt of child pornography and possession of child pornography require proof of different elements. There are two separate statutes governing such conduct as cited from the Indictment herein. In the case of United States v. Caro, 309 F.3d 1348 (11th Cir. 2002), a defendant was charged separately with both possession of child pornography and with receipt of child pornography. The Defendant was convicted and sentenced on each of those counts. The judgment of the District Court was vacated and remanded only because of a sentencing issue. It had nothing to do with the fact that the defendant was charged separately with possession of child pornography and receipt of child pornography.

6.      In this case, the government has explained why there are two separate counts. The government submits that, as to Count One, it will be able to prove beyond a reasonable doubt receipt of child pornography in regards to certain of the ninety images

2

seized from the Defendant's computer. Count Two charges the Defendant with possessing the remaining images which the government cannot prove were received in interstate commerce.

7. The Defendant can be charged with the separate offenses of receiving child pornography and possessing child pornography, as long as he is not being charged with receiving and possessing the same images in both counts of the Indictment. Evidence of separate receipt and separate possession can be charged in different counts of the same Indictment depending upon the facts of the case. See United States v. Miller, 156 Fed. Appx. 281 (11th Cir. 2005) and United States v. Bonavia, 927 F.2d 565 (11th Cir. 1991).

8. In his motion, the Defendant cites United States v. Romm, 455 F.3d 990 (9th Cir. 2006) for the proposition that the criminal act of receiving child pornography necessarily encompasses the crime of possessing child pornography. This Court agrees with that legal precept. However, the Romm opinion also reflects that the defendant Romm was charged and convicted separately with one count of receiving child pornography and with one count of possessing child pornography. The Romm decision resulted from the defendant's appeal of his convictions for each of those separate offenses.

9. A defendant can be charged and convicted separately of those two statutory offenses as long as the evidence properly reflects that he is not being charged with and/or convicted of receiving and possessing the same images. In this case, the Defendant Wendehake is charged with *receiving* certain images and is charged with *possession* of other images. This is permissible under the case law cited herein.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion To Dismiss be **DENIED**.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _____ day of November, 2006, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Corey Steinberg
AFPD Robin Rosen-Evans