UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14040-CR-MOORE/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN CHARLES WENDEHAKE,

    Defendant.

_____/



FILED by _____ D.C.

JUL 19 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### REPORT AND RECOMMENDATION ON DEFENDANT'S ADMISSION TO VIOLATION NUMBERS 1, 2, 4, 5 AND 6 AS SET FORTH IN THE PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come before the Court for a final hearing on July 18, 2018 with respect to the Petition for Warrant or Summons for Offender under Supervision (the "Petition"), and this Court having convened a hearing, recommends to the District Court as follows:

1. Defendant appeared before this Court on July 18, 2018 for a final hearing on the Petition, which alleges the following violations of supervised release:

**Violation Number 1** — **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about April 3, 2018, the defendant submitted a urine specimen which tested positive for the presence of cocaine in our local laboratory; and subsequently was confirmed positive by Alere Toxicology Services, Incorporated.

**Violation Number 2** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 2, 2018, in Indian River County, Florida, the defendant committed the offense of possession of a controlled substance, contrary to Florida Statute 893.13(6)(a).

**Violation Number 3** — **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about April 2, 2018, in

| | |
|---|---|
| | Indian River County, Florida, the defendant committed the offense of unlawful possession of the personal identification information of another person, contrary to Florida Statute 817.5685(1) and (2). |
| **Violation Number 4** | **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On or about April 2, 2018, the defendant was found to be in possession of an illegal controlled substance; as evidenced by the cocaine that was seized from the defendant's vehicle in relation to a search that was conducted on April 2, 2018. |
| **Violation Number 5** | **Violation of Special Condition**, by failing to refrain from possessing or using any computer, or other device capable of accessing the Internet, without prior approval of the Court. On or about April 2, 2018, the defendant was found to be in possession of a cellular telephone capable of accessing the Internet, without approval of the Court. |
| **Violation Number 6** | **Violation of Special Condition**, by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination. On or about March 31, 2018, the defendant was unsuccessfully discharged from sex offender treatment for failing to participate in the program, as evidenced by the termination report provided by Larry Auerbach, L.C.S.W. |

2. After consultation with his attorney, Defendant announced to this Court that he wished to admit Violation Numbers 1, 2, 4, 5 and 6 as set forth in the Petition. The Government announced that it agreed to seek dismissal of Violation Number 3 of the Petition at sentencing. This Court questioned Defendant on the record and made certain that he understood his rights in regards to an evidentiary hearing with respect to the alleged violations. Defendant acknowledged that he understood his rights and further understands that if this Court accepts his admissions all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The possible maximum penalties faced by Defendant were read into the record by the Government, and Defendant stated that he understood those penalties.

4. The Government proffered a factual basis for Defendant's admissions. According to that proffer, the probation officer assigned to Defendant conducted an unannounced home visit at Defendant's residence on April 2, 2018. During that visit, the probation officer searched Defendant's residence and vehicle. During the search of Defendant's residence, the probation officer found a cellular telephone capable of accessing the internet (Violation Number 5). During the search of Defendant's car, the probation officer found a small clear plastic bag containing a white powdery substance inside an open compartment within the center dashboard. The substance tested positive for the presence of cocaine and the results were confirmed by Alere Toxicology Services, Inc. (Violation Numbers 2 and 4). Defendant was instructed to report to the probation office the following day. On April 3, 2018, Defendant reported as instructed. Defendant provided a urine specimen that tested positive for the presence of cocaine and the results were confirmed by Alere Toxicology Services, Inc. (Violation Number 1). The probation officer also learned from Defendant's therapist, Larry Auerbach, that Defendant was unsuccessfully terminated from sex offender treatment for failing to participate at an acceptable level (Violation Number 6). Counsel for the Defendant, Attorney James Benjamin, stated that the Government had provided evidence supporting these violations to him, and he had reviewed and discussed the evidence with the Defendant. Defendant agreed that the Government could prove these facts against him were a hearing to be held in this matter. The Court has considered the Government's proffer, and finds that it sets forth a sufficient basis to support Defendant's admissions to Violation Numbers 1, 2, 4, 5 and 6.

**ACCORDINGLY**, based upon Defendant's admission to Violation Numbers 1, 2, 4, 5 and 6 of the Petition under oath, this Court recommends to the District Court that Defendant be found to have violated his supervised release with respect to Violation Numbers 1, 2, 4, 5 and 6, and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 19th day of July, 2018.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE