**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 06-CR-14040-MOORE/MAYNARD**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**JOHN CHARLES WENDEHAKE,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBERS 1 AND 2**

**THIS CAUSE** having come before the Court on the pending Petition for Offender under Supervision ("Petition") (DE 200), and this Court having convened a hearing, now recommends to the District Court as follows:

    1.    The Defendant appeared before this Court on October 7, 2020 for a hearing on the Petition, which alleges two violations of supervised release. The hearing was convened via videoconference on the Zoom platform. At the hearing's outset, the Court advised the Defendant of his right to have the proceeding in person. The Defendant acknowledged that he understands that right and, after consultation with counsel, agreed to waive that right and consented to have the hearing conducted through videoconference. Defendant signed a written Consent to Appear by Videoconference Form that will be filed in the record in this case. (DE 217). Having discussed the matter with the Defendant, the Court finds that his waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. The Court also finds, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public

Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Numbers 1 and 2 as set forth in the Petition.

3. Defendant admitted the following violations:

**Violation Number 1** **Violation of Standard Condition**, by failing to submit a truthful and complete written monthly report. The defendant's May and June 2020 monthly supervision report contained false information. On each report the defendant marked that he has not missed sex offender treatment for the month, when in fact, evidence and statements made by B&K Counseling Services indicate this to be false.

**Violation Number 2** **Violation of Special Condition**, by failing to participate in a sex offender treatment program to include psychological testing and polygraph examination. On or about August 6, 2020, the defendant was unsuccessfully discharged from sex offender treatment for failing to participate in the program, as evidenced by the termination report provided by B&K Counseling Services.

4. The Court questioned the Defendant on the record and made certain that he understood his right to an evidentiary hearing on Violation Numbers 1 and 2. The Defendant acknowledged that he understood his rights in that regard and further understands that if his admissions are accepted, all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

5. The Government verbally proffered a factual basis for the admission into the record. The Government also proffered, without objection, Government's Exhibits 1 and 2. Government's Exhibit 1 contains the monthly supervision reports that Defendant completed for May 2020 and June 2020. Each report has a section where Defendant is asked if he missed any sex offender

treatment sessions during the month. He is required to mark yes or no to the question. On both reports Defendant marked no, but the provider – B&K Counseling—indicates that Defendant missed treatment sessions in both May and June 2020. On August 6, 2020, B&K Counseling discharged Defendant from treatment. Government's Exhibit 2 is the Discharge Summary. That Summary indicates that Defendant was discharged because of failing to participate at an acceptable level. After listening to the Government's proffer, the Defendant acknowledged that he completely understands the factual proffer and agrees that it accurately set forth the facts in his case as he understands them to be. He agreed that the Government could prove those facts against him were a hearing to be held in this matter. This Court finds that the facts proffered by the Government establish a sufficient basis to support Defendant's admissions to Violation Numbers 1 and 2.

6. The possible maximum penalties faced by the Defendant were read into the record by the Government, and the Defendant stated that he understood those penalties.

7. Defense counsel requests that the sentencing hearing be set in late November if possible because the Defendant has an upcoming telephonic hearing on his social security disability application. The Government has no objection to this request.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, this Court recommends to the District Court that the Defendant be found to have violated the terms and conditions of his supervised release in respect to Violation Numbers 1 and 2 and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule

59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 15th day of October, 2020.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE